UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2005 AUG 25 P 2: 17
U.S. BANKRUPTCY COURT
E.D. MICHIGAN DETROIT

IN RE:

WESLEY F. RADFORD and
OLIVIA RADFORD,

                    Debtors.
_____/

Case No. 05-49534
Chapter 13
Hon. Marci B. McIvor

## OPINION DENYING TRUSTEE'S OBJECTIONS TO DEBTORS' ATTORNEY'S FIRST APPLICATION FOR APPROVAL OF PAYMENT OF PRE-CONFIRMATION ATTORNEY FEES

This matter is before the Court on the Trustee's Objections to Debtors' Attorney's First Application for Approval of Payment of Pre-Confirmation Attorney Fees. The Trustee objects to the fee application on the grounds that specific time entries are excessive and unreasonable under 11 U.S.C. § 330 and that professional fees are sought for work that was ministerial or clerical in nature. For the reasons stated in this Opinion, the Court denies the Objections and awards Counsel total fees of $2,617.40 and costs in the amount of $115.38, for a total award of $2,732.88.

## Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

## Statement of Facts

Debtors filed a voluntary Chapter 13 bankruptcy petition and a proposed chapter 13 plan on March 25, 2005. On June 13, 2005, Debtors filed an amended chapter 13

plan. The confirmation hearing was set for June 23, 2005. The case was dismissed on June 23, 2005 on an oral motion by the Trustee and was not opposed by Debtors or their attorney, who was present at the hearing.

On June 30, 2005, Debtor's Counsel filed a First Application for Approval of Payment of Pre-Confirmation Attorney Fees. The Application seeks total fees of $2,617.40 and costs in the amount of $115.38 for a total award of $2,732.88. On July 19, 2005, the Trustee filed Objections to the fee application. The Trustee asserts that specific time entries are excessive and unreasonable under 11 U.S.C. § 330 and that professional fees are sought for work that was ministerial or clerical in nature.

## Standard for Fee Awards in Bankruptcy

A court has the duty to review all fee applications, regardless of whether an objection has been filed, in order to protect the assets of the estate for the benefit of the creditors. 11 U.S.C. § 330(a)(2); *In re Bush*, 131 B.R. 364, 365 (Bankr. W.D. Mich. 1991). A bankruptcy court has broad discretion in determining fee awards. *Manufacturers Nat'l Bank v. Auto Specialities Mfg. Co. (In re Auto Specialities Mfg. Co.)*, 18 F.3d 358 (6th Cir. 1994).

Section 330(a)(1) of the Bankruptcy Code provides that the court may award an attorney reasonable compensation for actual, necessary services rendered. 11 U.S.C. § 330(a)(1). Section 330(a) provides, in pertinent part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --

2

(A) <u>reasonable compensation for actual, necessary services</u> rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and

(B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

(i) unnecessary duplication of services; or

(ii) services that were not --

(I) reasonably likely to benefit the debtor's estate, or;
(II) necessary to the administration of the case.

11 U.S.C. § 330(a) (emphasis added).

3

To summarize, 11 U.S.C. § 330(a) requires that requested fees must meet three conditions. The fees must be: (1) reasonable; (2) incurred for services that were actually rendered; and (3) incurred for services that were necessary. *In re Allied Computer Repair, Inc.*, 202 B.R. 877 (Bankr. W.D. Ky. 1996).

The Sixth Circuit has adopted a "lodestar method" for actually applying the requirements set forth in 11 U.S.C. § 330. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar method requires that the court first determine a reasonable hourly rate, and then multiply the rate times the reasonable number of hours expended to perform actual, necessary services. The Court may "then determine whether a global reduction or enhancement of the fees is in order." *In re Atwell*, 148 B.R 483, 492-93 (W.D. Ky. 1993). The ability to review fee applications in the context of each individual case "permits the Court to balance the following two competing interests: (1) rewarding the attorney practicing bankruptcy on a level commensurate with other areas of practice; against (2) the need to encourage cost-conscious administration." *Allied Computer Repair, Inc.*, 202 B.R. at 884-85. The burden of proof is upon the applicant to justify the requested fees. *In re Hamilton Hardware Co., Inc.*, 11 B.R. 326 (Bankr. E.D. Mich. 1981).

## Objections to Fees

### 1. Reasonableness of Specific Time Entries

The Trustee objects to specific time entries on the application as unreasonable and excessive. (Trustee's Objections ¶ 2 (f)). Having reviewed the entry to which the

4

Trustee objects, the Court finds that entry to be reasonable. While the resulting fee award is high for a routine Chapter 13 case dismissed pre-confirmation, the fee award does not impact the creditors or the estate; it falls on Debtors, whose actions required the work performed by Counsel. The Trustee' Objections regarding Counsel's time entries are denied.

## 2. **Clerical Services / Overhead**

The Trustee objects to several entries in the fee application on the ground that the services provided were clerical in nature and, therefore, non-compensable as overhead. (Trustee's Objections ¶¶ 2 (a)-(e)). The Trustee relies on *In re Woodward East Project, Inc.*, 195 B.R. 372 (Bankr. E.D. Mich. 1996) and *In re Pinkins*, 213 B.R. 818 (Bankr. E.D. Mich. 1997) in support of his position.

The Court agrees that attorneys may not bill clients for clerical tasks because those tasks are considered a part of a law firm's overhead. Clerical tasks include filing motions, mailing letters, typing (*Woodward East*, 195 B.R. at 377), opening files, organizing paperwork, entering client information into the system, filing papers, and copying (*Pinkins*, 213 B.R. at 107).

Having specifically reviewed the entries to which the Trustee objects, the Court finds that the entries are appropriate and the Trustee's Objections are denied. The Court further notes that, in this electronic age, drafting, filing and serving documents are often intrinsically intertwined.

5

## Conclusion

For the reasons stated above, the Court denies the Trustee's Objections to Debtor's Counsel's First Application for Approval of Payment of Pre-Confirmation Attorney Fees. Counsel is awarded fees in the amount of $2,617.40 and costs in the amount of $115.38, for a total award of $2,732.88.

Marci B. McIvor
United States Bankruptcy Judge

Dated: AUG 2 3 2005
Detroit, Michigan

cc: David Ruskin
William Johnson